

James Halter
305.476.7100 (Main)
305.476.5141 (Direct)
305.718.0639 (Facsimile)
jhalter@rascoklock.com

June 10, 2019

**BY ECF**
The Honorable Katherine Polk Failla
United States District Judge
40 Foley Square, Room 2103
New York, New York 10007

      Re:    ***Citadel Servicing Corporation v. Castle Placement, LLC et al.***
                **Case No. 19 Civ. 03212 (KPF)**

Dear Judge Failla:

      We represent Defendants Castle Placement, LLC and Castle Placement Group, LLC (collectively "Castle"). We write, pursuant to Section 4(A) of the Court's Individual Practices to request a pre-motion conference in anticipation of making a motion to dismiss the complaint in this matter, with prejudice, pursuant to Rule 12(b)(6). The Complaint seeks declaratory judgment that the claims asserted in an underlying arbitration between the parties are not subject to arbitration. The Complaint and the plain language of the documents attached or incorporated therein, however, make clear that arbitrability should be determined by the arbitrators and otherwise make clear that the dispute is subject to arbitration.

      Plaintiff Citadel Servicing Corporation ("Citadel") entered into a private placement agreement with StoneCastle Portfolio Advisors, LLC, an investment bank, in order to raise $100 million in private-equity capital. StoneCastle Portfolio Advisors, LLC is now named Castle Placement Group, LLC, a Defendant here and a claimant in the Financial Industry Regulatory Authority ("FINRA") arbitration. (The public filings with the Delaware Secretary of State reflecting the name changes are attached hereto as Exhibit 1).

      Castle had over 1,000 communications on behalf of Citadel with prospective investors by meeting, telephone, and/or email and successfully found at least one investor to provide tens (or hundreds) of millions of dollars of capital. Citadel accepted such capital. Thus, Citadel reaped the benefits of the investment Castle secured, but never paid the agreed-upon compensation for that work to anyone.

      The breached contract includes the following provision: "[Citadel] and StoneCastle agree that all controversies between the [Citadel] and StoneCastle **and/or any of their agents** arising out of or concerning this Agreement, the services provided hereunder, or any related matter shall be determined by arbitration in accordance with the rules of the Financial Industry Regulatory Authority (FINRA)." (Compl. Ex. A at Schedule IV (page 15 of 15) (emphasis added)).

Defendants, therefore, brought a FINRA arbitration seeking damages for Citadel's failure to compensate Castle.

Here, Plaintiff contends that Defendants are not entitled to the benefit of the arbitration provision because they were not signatories to the private placement agreement. However, when Citadel hired Castle, to ensure compliance with the FINRA rules, Castle had a contractual relationship with a FINRA-registered entity, StoneCastle Securities, LLC ("StoneCastle"). The relationship included that StoneCastle Securities, LLC held the licenses of Castle's principals and permitted Castle to enter into contracts in StoneCastle's name and for Castle to receive the resulting compensation. (Compl. Ex. B (if StoneCastle Portfolio Advisors, LLC's (i.e., Castle) "activities create[] revenue paid to StoneCastle Securities, LLC (because the capital raising contracts that [Castle] secures by you are **contracted through StoneCastle Securities, LLC**), or any other entity besides [Castle] then that revenue shall be treated the same in the calculation of [Castle] Net Profits **as if that revenue had been paid to [Castle]**." (emphasis added)). Thus, Defendants are appropriate claimants with respect to the claims asserted in the FINRA arbitration.

First, the Complaint should be dismissed because the parties intentionally incorporated broad arbitration language including all matters and FINRA's rules. Doing so demonstrated a clear and unmistakable intention to have arbitrability determined by the arbitrators. including "all controversies" and "any related matter." *See, e.g.*, *Wells Fargo Advisors, LLC v. Sappington*, 884 F.3d 392, 394, 396 (2d Cir. 2018) (A clause expressing agreement "to arbitrate any dispute, claim or controversy that may arise between you and Wells Fargo Advisors, or a client, or any other person[, and] ... giving up the right to sue Wells Fargo Advisors ... in court concerning matters related to or arising from your employment" "demonstrate[d] the parties' clear and unmistakable intent to arbitrate all questions of arbitrability."); *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1199 (2d Cir. 1996) (A contractual provision that "any and all controversies ... concerning any account, transaction, dispute or the construction, performance, or breach of this or any other agreement ... shall be determined by arbitration" and that "the parties are waiving their right to seek remedies in court" was found to "evidence the parties' intent to arbitrate all issues, including arbitrability.") (emphases omitted).

Further, with respect to the incorporated FINRA Rules, they include a two-step process of determining arbitrability. Pursuant to Rule 13203, FINRA's Director of arbitration makes an initial determination about arbitrability. Citadel admits that that initial review was conducted here and FINRA determined the parties' dispute is subject to arbitration. (Compl. ¶ 13). Then FINRA Rule 13413 provides an additional check on arbitrability permitting the arbitrators to make their own determination in the context of the hearings on the merits. *Murray v. UBS Sec., LLC*, No. 12 CIV. 5914 KPF, 2014 WL 285093, at *13 (S.D.N.Y. Jan. 27, 2014) (FINRA Rule 13413, which provided that "[t]he panel has the authority to interpret and determine the applicability of all provisions under the Code[, s]uch interpretations are final and binding upon the parties," includes arbitrability).[1] Thus, the Complaint should be dismissed because the arbitration provision

---

[1] The Second Circuit recently expressed some nuance to this discussion. *Metro. Life Ins. Co. v. Bucsek*, 919 F.3d 184, 191 (2d Cir. 2019). Here, however, unlike the defendant's claims in *Bucsek*, the matter clearly arises out of the business matters of the parties, not events that occurred years

demonstrates Citadel is not entitled to the judicial determination it now seeks. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) ("We must interpret the [Federal Arbitration] Act as written, and the Act in turn requires that we interpret the contract as written. When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless.").

Second, even if the Court were to engage in the arbitrability analysis, the documents incorporated in the Complaint demonstrate that the underlying dispute is arbitrable. Citadel is explicitly named in the arbitration clause and the claim for breach of the agreement is obviously a controversy "arising out of" the agreement. The arbitration provision also includes arbitration of controversies regarding "the services provided hereunder." (Compl. Ex. A at Schedule IV).

Moreover, not only does the arbitration provision explicitly include the precise issue to be litigated – "the services provided hereunder" – it is intentionally even broader and includes "or any related matter." (Compl. Ex. A at Schedule IV). Such a broad arbitration provision certainly includes the dispute here. *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1199 (8th Cir. 2008) ("[T]he 'liberal federal policy favoring arbitration agreements,' . . . requires that a district court send a claim to arbitration when presented with a broad arbitration clause like the one here as long as the underlying factual allegations simply 'touch matters covered by' the arbitration provision.") (quotations omitted).

The arbitration agreement also explicitly includes "any of [StoneCastle's] agents." As discussed above, by agreement between Castle and StoneCastle Partners, LLC,[2] Castle provided its services in the name of, and by affiliation with, StoneCastle Securities, LLC. (Compl. Ex. B at 5). In the Complaint here, Plaintiff argues that the principals of Castle, Richard Luftig and Ken Margolis, are agents of StoneCastle, rather than Castle. As such, on June 6, 2019, the FINRA Arbitration panel granted a motion by Castle and Messrs. Luftig and Margolis to add Messrs. Luftig and Margolis as claimants in the FINRA arbitration. Thus, independent of Citadel's arguments about which "agents" are referenced in the arbitration provision, the FINRA arbitration panel will be able to render an appropriate award.

For the foregoing reasons, this matter is futile. Castle intends to make a motion to dismiss under Rule 12(b)(6) to have this matter dismissed with prejudice so that the parties can have their matter resolved in the pending FINRA arbitration as agreed.

---

later, and the arbitration clause here is intentionally broad. *Id.* Also, *Bucsek* did not address FINRA Rule 13203 nor a circumstance where the Director of FINRA had already exercised his power under that Rule to make the preliminary determination of arbitrability.

[2] StoneCastle Partners, LLC was the parent of both Castle and StoneCastle Securities LLC—Castle and StoneCastle Securities, LLC were "sister" companies at the time.

        Respectfully submitted,

        RASCO KLOCK PEREZ & NIETO, LLC

        By: _____
              James Halter

cc: Counsel of Record

# EXHIBIT 1

State of Delaware
Secretary of State
Division of Corporations
Delivered 12:27 PM 05/12/2009
FILED 12:27 PM 05/12/2009
SRV 090459705 - 4686219 FILE

# CERTIFICATE OF FORMATION

## OF

## STONECASTLE PORTFOLIO ADVISORS, LLC

This Certificate of Formation of StoneCastle Portfolio Advisors, LLC (the "Company") dated May 12, 2009 is being duly executed and filed by the undersigned, as an authorized person, to form a limited liability company under the Delaware Limited Liability Company Act (6 Del.C. §18-101, et seq.).

1. The name of the limited liability company is StoneCastle Portfolio Advisors, LLC.

2. The address of its registered office in the State of Delaware is 2711 Centerville Road Suite 400, in the City of Wilmington, Delaware 19808, County of New Castle. The name of its registered agent at such address is Corporation Service Company.

In Witness Whereof, the undersigned have executed this Certificate of Formation as of the day and year first above written.

By: _____
Authorized Person

CRISTY A. BRAUN

# Delaware

## The First State

PAGE 1

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF AMENDMENT OF "STONECASTLE PORTFOLIO ADVISORS, LLC", CHANGING ITS NAME FROM "STONECASTLE PORTFOLIO ADVISORS, LLC" TO "STONECASTLE PLACEMENT ADVISORS, LLC", FILED IN THIS OFFICE ON THE SEVENTH DAY OF NOVEMBER, A.D. 2011, AT 12:30 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "STONECASTLE PLACEMENT ADVISORS, LLC" WAS FORMED ON THE TWELFTH DAY OF MAY, A.D. 2009.

4686219  8100

150130763

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 2086609

DATE: 02-02-15

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 12:30 PM 11/07/2011*
*FILED 12:30 PM 11/07/2011*
*SRV 111178383 - 4686219 FILE*

# STATE OF DELAWARE
## CERTIFICATE OF AMENDMENT

1. Name of Limited Liability Company: StoneCastle Portfolio Advisors, LLC.

2. The Certificate of Formation of the limited liability company is hereby amended as follows:

   We are amending the name of the limited liability company to be StoneCastle Placement Advisors, LLC

IN WITNESS WHEREOF, the undersigned have executed this Certificate on the 1st day of November, A.D. 2011.

By: _____
Authorized Person(s)

Name: Jonathan Stammelman
Print or Type

State of Delaware
Secretary of State
Division of Corporations
Delivered 10:17 AM 09/24/2013
FILED 10:17 AM 09/24/2013
SRV 131120304 - 4686219 FILE

# STATE OF DELAWARE
# CERTIFICATE OF AMENDMENT

1. Name of Limited Liability Company: StoneCastle Placement Advisors, LLC

2. The Certificate of Formation of the limited liability company is hereby amended as follows:

   SCPA Administration, LLC

IN WITNESS WHEREOF, the undersigned have executed this Certificate on the 24th day of September, A.D. 2013.

By: _____
Authorized Person(s)

Name: Jonathan Stammelman CFO
Print or Type

# Delaware

## The First State

PAGE 1

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF AMENDMENT OF "STONECASTLE PLACEMENT ADVISORS, LLC", CHANGING ITS NAME FROM "STONECASTLE PLACEMENT ADVISORS, LLC" TO "SCPA ADMINISTRATIONS, LLC", FILED IN THIS OFFICE ON THE TWENTY-FOURTH DAY OF SEPTEMBER, A.D. 2013, AT 10:17 O'CLOCK A.M.

4686219  8100

131120304

Jeffrey W. Bullock, Secretary of State
AUTHENTICATION: 0760627

DATE: 09-24-13

You may verify this certificate online
at corp.delaware.gov/authver.shtml



PAGE 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF AMENDMENT OF "SCPA ADMINISTRATIONS, LLC", CHANGING ITS NAME FROM "SCPA ADMINISTRATIONS, LLC" TO "CASTLE PLACEMENT GROUP, LLC", FILED IN THIS OFFICE ON THE THIRTEENTH DAY OF MARCH, A.D. 2015, AT 12:06 O'CLOCK P.M.

4686219 8100

150353477

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State
AUTHENTICATION: 2199174

DATE: 03-13-15

State of Delaware
Secretary of State
Division of Corporations
Delivered 12:06 PM 03/13/2015
FILED 12:06 PM 03/13/2015
SRV 150353477 - 4686219 FILE

# STATE OF DELAWARE
# CERTIFICATE OF AMENDMENT

1. Name of Limited Liability Company: SCPA Administrations, LLC

2. The Certificate of Formation of the limited liability company is hereby amended as follows:

   Castle Placement Group, LLC

IN WITNESS WHEREOF, the undersigned have executed this Certificate on the 13th day of March, A.D. 2015.

By: _____
Authorized Person(s)

Name: Richard Luftig, Member
Print or Type