UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITADEL SERVICING CORPORATION,    Case No. 19 Civ. 3212 (KPF)

    Plaintiff,

vs.

CASTLE PLACEMENT, LLC,
CASTLE PLACEMENT GROUP, LLC,
KENNETH MARGOLIS, and RICHARD
LUFTIG,

    Defendants.
_____/

**DECLARATION OF MICHAEL R. TEIN IN SUPPORT OF
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

I, Michael R. Tein, declare and state as follows:

1. I am counsel of record for Plaintiff Citadel Servicing Corporation ("Citadel") in this matter.

2. In October 2011, Citadel entered into a Placement Agreement with StoneCastle Securities, LLC ("StoneCastle"), attached as **Exhibit A**. Under the Placement Agreement, Citadel appointed StoneCastle to act as one year as its "exclusive agent [for] soliciting potential investors to make investments" in Citadel. Ex. A at p.1.

3. The Agreement refers repeatedly to the rights and duties of the "Placement Agent" (StoneCastle), including that Citadel would pay "the Placement Agent as compensation for its services." Ex. A ¶ 4.

4. The Placement Agreement contained the following "merger" provision:

> This Agreement . . . constitutes the ***entire agreement*** of the parties to this Agreement and supersedes all prior written or oral and all contemporaneous oral agreements, understandings and negotiations with respect to the subject matter hereof.

Ex. A ¶ 16 (emphasis added).

5. The Placement Agreement also contained an anti-assignment clause:

> This Agreement . . . and any rights, duties or obligations hereunder ***may not be*** waived, amended, modified, or ***assigned, in any way, in whole or in part***, including by operation of law, without the prior written consent of . . . each of the parties hereto.

*Id.* (emphasis added).

6. The Placement Agreement contained a provision entitled "Arbitration of Controversies" stating:

> [Citadel] and [StoneCastle] agree that all controversies between [Citadel] and [StoneCastle] and/or any of their agents arising out of or concerning this Agreement, the services provided hereunder, or any related matter shall be determined by arbitration in accordance with the rules of the Financial Industry Regulatory Authority (FINRA).

Ex. A at Schedule IV.

7. In or around September 2018, Castle Placement filed a statement of claim against Citadel before FINRA, which was assigned Arbitration No. 18-02882. By memorandum dated September 24, 2018, FINRA advised Castle Placement that, because it was not a party to the pre-dispute arbitration agreement, the claims it alleged were not eligible for arbitration.

8. In October 2018, the Castle entities filed another statement of claim against Citadel before FINRA, which was assigned Arbitration No. 18-03722.

2

Castle alleges that Citadel closed a financing transaction as contemplated by the Placement Agreement in or around March 2013, for which it failed to compensate Castle or StoneCastle. Castle asserts claims for breach of contract, *quantum meruit*/unjust enrichment and an accounting, and seeks damages in excess of $7 million.

9. Shortly after receiving the second claim, FINRA sent a deficiency notice to Castle, pointing out that the two Castle entities had not signed the Placement Agreement.

10. In response, the Castle entities asserted that they were entitled to invoke the arbitration clause of the Placement Agreement because they were (a) StoneCastle's agents (and the arbitration clause allegedly conferred the right to arbitrate on "agents" of the signatories) or (b) third-party beneficiaries to the Placement Agreement (and therefore legally entitled to its benefits). *See* Letter from J. Halter to FINRA Dispute Resolution (Nov. 19, 2018), attached as **Exhibit B**.

11. In November 2018, without giving Citadel notice or an opportunity to respond, FINRA apparently accepted Castle's jurisdictional argument and mailed a form memorandum to Citadel advising that Castle had filed a claim in arbitration and "ordering" Citadel to answer.

12. In December 2018, Citadel filed a lawsuit in the U.S. District Court for the Central District of California, seeking a declaratory judgment that this dispute is not arbitrable. In January 2019, Citadel wrote FINRA asking that FINRA stay their process pending the federal court lawsuit. FINRA responded that "FINRA will continue to process the … arbitration unless or until we receive

3

a court order staying the matter." FINRA then required us to select a panel of three arbitrators on pain of default.

13. In late January 2019, Citadel filed a formal "motion" before FINRA to dismiss the arbitration, or stay it pending a federal court's decision on arbitrability, for the same jurisdictional reasons alleged here. FINRA ultimately set the motion for a telephonic hearing to be held on May 13.

14. While our motion was pending, FINRA issued interim "orders" directing our compliance with a host of expensive and time-consuming pre-trial requirements, including paying its forum fees and the hourly fees of three arbitrators (which will likely exceed $30,000[1]), answering, complying with discovery, attending pre-trial telephone hearings, preparing for the final hearing and flying our California client representatives, witnesses and counsel to a final hearing at FINRA's office in New York.

15. On April 8, 2019, the U.S. District Court for the C.D. California dismissed Citadel's declaratory judgment action without prejudice for lack of personal jurisdiction over Castle.

16. On April 26, 2019, Castle moved FINRA for leave to add Messrs. Luftig and Margolis as claimants in the arbitration.

17. On June 6, 2019, nearly one month after the "hearing," FINRA denied our motion to dismiss or stay pending this Court's decision on this lawsuit, stating only, "Respondent's Motion is denied." In the same order, FINRA granted Castle leave to add Luftig and Margolis as claimants in the arbitration.

---

[1] https://tools.finra.org/arbitration_calculator/ (based on a $7 million claim and ten total hearing "days," which includes pre-hearing conference time).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 2, 2019 in Miami, Florida.

_____/s/_____<br>MICHAEL R. TEIN